UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,           )<br>                                                              )<br>           Plaintiff,                            )<br>                                                              )<br>v.                                                         )<br>                                                              )<br>DENNIS LEE ASH,                              )<br>                                                              )<br>           Defendant.                         )<br>_____) | Case No. 1:06-cr-00077<br><br>Honorable Gordon J. Quist |

## REPORT AND RECOMMENDATION

Pursuant to W.D. MICH. L.CR.R. 11.1, I conducted a plea hearing in the captioned case on July 17, 2006, after receiving the written consent of defendant and all counsel. At the hearing, defendant Dennis Lee Ash entered a plea of guilty to Counts One and Five of the Indictment in exchange for the undertakings made by the government in the written plea agreement. Count One of the Indictment charges the Defendant with possession with intent to distribute five (5) grams or more of a mixture or substance containing a detectable amount of cocaine base (crack cocaine) in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(iii). Count Five of the Indictment charges the Defendant with possession of a firearm in furtherance of a drug trafficking crime, to wit: distribution of cocaine base and possession with intent to distribute cocaine base and cocaine, in violation of Title 18, United States Code, Section 924(c).

On the basis of the record made at the hearing, I find that defendant is fully capable and competent to enter an informed plea; that the plea is made knowingly and with full

understanding of each of the rights waived by defendant; that it is made voluntarily and free from any force, threats, or promises, apart from the promises in the plea agreement; that the defendant understands the nature of the charge and penalties provided by law; and that the plea has a sufficient basis in fact.

I therefore recommend that defendant's plea of guilty to Counts One and Five of the Indictment be accepted, that the court adjudicate defendant guilty, and that the written plea agreement be considered for acceptance at the time of sentencing.  Acceptance of the plea, adjudication of guilt, acceptance of the plea agreement, and imposition of sentence are specifically reserved for the district judge.  The clerk is directed to procure a transcript of the plea hearing for review by the District Judge.

Date:  July 19, 2006  /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge

### NOTICE TO PARTIES

You have the right to de novo review of the foregoing findings by the district judge. Any application for review must be in writing, must specify the portions of the findings or proceedings objected to, and must be filed and served no later than ten days after the plea hearing. *See* W.D. MICH. L.CR.R. 11.1(d).