UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATE OF AMERICA,

    Plaintiff,

v.

DENNIS LEE ASH,

    Defendant.
_____/

Case No. 1:06-CR-77-01

Hon. Richard Alan Enslen

**ORDER**

    This matter is before the Court on Defendant Dennis Lee Ash's Motion for a Downward Departure under United States Sentencing Guidelines § 5K2.12.  Defendant was sentenced by this Court on November 15, 2006 for the offenses of Possession with Intent to Distribute 5 Grams or More of a Mixture or Substance Containing a Detectable Amount of Cocaine Base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(iii) and Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(A)(I).

    Defendant now requests the Court dismiss the Possession of a Firearm charge or grant a downward departure of his sentence.  Defendant does not offer, nor can the Court find any precedence that supports granting a downward departure pursuant to § 5K2.12 approximately three months after sentencing.  Construed as a Motion to Correct the Judgment pursuant to Federal Rule of Criminal Procedure 35(a), the Motion still fails.   To correct a sentence under Federal Rule of Criminal Procedure 35(a), a court may only make such a correction within 7 days after sentencing. FED. R. CR. P. 35(a).  The Sixth Circuit Court of Appeals had held that "the phrase 'correct a sentence' as used in Rule 35 requires a district court to actually resentence a defendant within seven (7) days after the court first orally sentences that defendant." *United States v. Vicol*, 460 F.3d 693,

694 (6th Cir. 2006). In the instant action, more than seven days has elapsed after sentencing. Therefore, pursuant to *Vicol*, the Court no longer has jurisdiction to correct the judgment under Rule 35(a).

To the extent Defendant's Motion might be more appropriately framed as a motion to vacate, set aside, or correct sentence, the Court directs Defendant to 28 U.S.C. § 2255.[1]

**THEREFORE, IT IS HEREBY ORDERED** that Defendant Dennis Lee Ash's Motion for Downward Departure (Dkt. No. 36) is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk shall send Defendant Dennis Lee Ash a Section 2255 Form, in the event he wishes to seek relief under that Statute.

DATED in Kalamazoo, MI:  /s/ Richard Alan Enslen
    February 22, 2007  RICHARD ALAN ENSLEN
        SENIOR UNITED STATES DISTRICT JUDGE

---

[1] The Court does not infer that Defendant's claim will be successful or have merit, only that a motion pursuant to § 2255 may be the appropriate vehicle for the relief Defendant seeks. The Court also notes such motion is subject to a one year statute of limitations which will run from the date on which the judgment of conviction becomes final. "An unappealed federal criminal judgment becomes final ten days after it is entered, for purposes of the 28 U.S.C. § 2255 statute of limitations, at least where there has been no district court extension of appeal time for good cause or excusable neglect." *Sanchez-Castellano v. United States*, 358 F.3d 424, (6th Cir. 2004). In Defendant's case, judgment was entered on November 17, 2006, and therefore, the statute of limitations will run on November 27, 2007.