UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,
        Plaintiff,

No. 1:06-cr-77

-v-

HONORABLE PAUL L. MALONEY

DENNIS ASH
        Defendants.

ORDER DENYING DEFENDANT'S MOTION FOR RETURN OF PROPERTY

On April 11, 2006, Defendant Ash was indicted on four counts related to drug distribution and one count for possession of a weapon in furtherance of a drug trafficking crime. On July 14, 2006, Defendant Ash entered a plea agreement in which he agreed to plead guilty to one of the drug related counts and the weapon count. (Dkt. No. 16.) The plea was accepted by the court on August 10, 2006. (Dkt. No. 30.) Plaintiff was sentenced on November 5, 2006. (Dkt. No. 32.)

Defendant Ash has filed a document entitled "motion for return of property pursuant to Rule 41(g) former 41(e) and/or reopen default judgment." (Dkt. No. 56.) On the court's order, the government filed a response. (Dkt. No. 60.) Defendant claims, when he was arrested in 2005, the government seized, among other things, $3,000 in cash. Defendant asserts the government did not mention the money in the indictment, has not established that the money was connected to the charges to which he pleaded guilty, and lacks a basis for the forfeiture of the cash. Defendant cites "Rule 7(c)(2)."[1]

---

[1] Prior to the amendments in 2009, Fed. R. Crim. P. 7(c)(2) provided that "[n]o judgment or forfeiture may be entered in a criminal proceeding unless the indictment or the information provides notice that the defendant has an interest in property that is subject to forfeiture in accordance with the applicable statute." The December 2009 amendment removed subsection (c). The applicable rule is currently found in Fed. R. Crim. P. 32.2.

To its response, the government attached two exhibits. The first exhibit is a document entitled "Notice of Seizure of Property and Intent to Forfeit." (Pl. Ex. A - PgID 230.) In the notice, the Ingham County Prosecutor informs Defendant that $3,145 was seized on August 19, 2005 by the Lansing Police Department. The document explains to Defendant what he must do to contest the forfeiture. The second document is an affidavit of seizure in which the affiant, a Lansing police officer, states that he served Defendant with a copy of the Notice of Seizure on August 19, 2005. (Pl. Ex. B - PgID 231.) The document is dated November 29, 2005 and further states that, as of that date, the Lansing Police Department declares the $3,145 forfeited pursuant to MCL § 333.7621, *et seq*.

Defendant is not entitled to the relief requested. Defendant received notice of the seizure and intent to forfeit. Defendant failed to properly object to the forfeiture of the money at issue here. The Lansing Police Department properly forfeited the cash. In addition to these hurdles, Defendant's motion is addressed to the wrong forum. From the documents submitted by the government, the Lansing police department acting under state law, rather than the federal government acting under federal law, forfeited the cash. Therefore, there is no basis for this court to grant Defendant's alternative argument, to set aside the judgment under Rules 55 and 60 of the Federal Rules of Civil Procedure. This court did not enter a judgment of forfeiture.

For these reasons, Defendant's motion for return of property (Dkt. No. 56) is **DENIED. IT IS SO ORDERED.**

Date:  July 14, 2010  /s/ Paul L. Maloney  
Paul L. Maloney  
Chief United States District Judge